```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**WILEY R. KUYRKENDALL**                                              **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:05CV557-WHB-AGN

**INTERNAL REVENUE SERVICE, A PRIVATE CORPORATION,
ACTING THROUGH AGENTS, MARK EVERSON,
JOHN DOES 1-100, JANE DOES 1-100**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) the Motion to Dismiss of Defendant Internal Revenue Service (hereinafter "IRS") and Defendant Mark Everson;

2) Plaintiff Wiley R. Kuyrkendall's Motion to Strike Defendants' Answer; and

3) Plaintiff's Motion for Judgment.

Having considered the Motions, Responses and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion to Dismiss is well taken and should be granted. Because the Motion to Dismiss is granted herewith, Plaintiff's two Motions must be denied as moot.

Plaintiff's rambling seventy-three page Complaint in this case asserts various broad allegations pertaining to the illegality and/or unconstitutionality of the Internal Revenue Code. Plaintiff also alleges that the policies and procedures employed by the IRS

are illegal and/or unconstitutional.  The Complaint was filed in this Court on September 13, 2005.[1]

Defendants' Motion to Dismiss was filed on November 10, 2005. The IRS contends, *inter alia*, that it should be dismissed because it is not amenable to suit under the allegations in the Complaint. The Court agrees.  Whether the IRS is a proper party to a suit which attacks the authority to levy and collect taxes was addressed by the United States District Court for the Southern District of Ohio in Purk v. United States, 747 F.Supp. 1243 (S.D. Ohio, 1989). Purk holds:

> Plaintiff has named not only the United States but also the Internal Revenue Service ("IRS") as Defendant in this case.... The IRS, however, is not an independently suable entity. Krouse v. United States, 380 F.Supp. 219 (C.D. Calif.1974). Where "the relief sought ostensibly relates to the legality of Internal Revenue taxes, th[e] action is one against the United States." Rochefort v. Gibbs, 696 F.Supp. 1151 (W.D. Mich.1988). Accordingly, all claims brought against the IRS as a Defendant are dismissed.

Id. at 1247.  Because the IRS is not independently amenable to suit, the Court finds that it must be dismissed from this cause.

Defendant Everson is an employee of the IRS.  Everson must be dismissed from this case for two reasons.  First, he was not served with process.  Dismissal is therefore proper under Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Second, the Complaint fails

---

[1] Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).

2

to state a claim against Everson for which relief may be granted. Accordingly, dismissal is also proper under Rule 12(b)(6).

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (docket entry no. 3) is hereby granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Answer (docket entry on. 5) and Plaintiff's Motion for Judgment (docket entry no. 7) are hereby denied as moot.

A Final Judgment which dismisses this case with prejudice will be entered.

SO ORDERED this the 30th day of January, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct